MDR

WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeffrey L. Butler,<br><br>    Plaintiff,<br><br>v.<br><br>Salt River Pima Reservation Police, et al.,<br><br>    Defendants. | No. CV-23-01234-PHX-JAT (CDB)<br><br>**ORDER** |

On July 3, 2023, pro se Plaintiff Jeffrey L. Butler, who is confined in the Federal Medical Center in Butner, North Carolina, filed a civil rights Complaint (Doc. 1) pursuant to *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971), and an Application to Proceed In Forma Pauperis. In a July 12, 2023 Order, the Court denied the deficient Application to Proceed and gave Plaintiff 30 days to either pay the filing and administrative fees or file a complete Application to Proceed In Forma Pauperis.

On August 14, 2023, Plaintiff paid the filing and administrative fees. The Court will dismiss the Complaint and this action.

**I. Statutory Screening of Prisoner Complaints**

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff

has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

A pleading must contain a "short and plain statement of the claim *showing* that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). While Rule 8 does not demand detailed factual allegations, "it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

But as the United States Court of Appeals for the Ninth Circuit has instructed, courts must "continue to construe *pro se* filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A "complaint [filed by a *pro se* prisoner] 'must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Id.* (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam)).

If the Court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc). Plaintiff's Complaint will be dismissed without leave to amend because the defects cannot be corrected.

## II. Complaint

In his one-count Complaint, Plaintiff seeks monetary damages from Defendants Salt River Pima Reservation Police, the Federal Bureau of Prisons, and the United States Department of Justice. Plaintiff asserts Defendant Salt River Pima Reservation Police arrested him in September 2019 and "denied [his] medication," which resulted in his leg being amputated "due to an infection." He also contends he has been denied his rights to due process and a speedy trial because he has "been incarcerated now for 5 years."

## III. Dismissal of Complaint

### A. Defendant Salt River Pima Reservation Police

"Indian tribes are neither states, nor part of the federal government, nor subdivisions of either." *N.L.R.B. v. Pueblo of San Juan*, 276 F.3d 1186, 1192 (10th Cir. 2002) (en banc). "Indian tribes are separate and distinct sovereignties and are not constrained by the provisions of the fourteenth amendment." *R.J. Williams Co. v. Fort Belknap Hous. Auth.*, 719 F.2d 979, 982 (9th Cir. 1983) (internal citations omitted). Tribal officials acting **under color of tribal law** cannot be sued under 42 U.S.C. § 1983 or *Bivens*. *Id.* ("[N]o action under 42 U.S.C. § 1983 can be maintained in federal court for persons alleging deprivation of constitutional rights under color of tribal law."); *see also Sanchez v. Baracker*, CV-01-00299-WJ (DJS), 2002 WL 35649877, at *2 (D.N.M. June 10, 2002) ("It is an elementary Indian Law concept that tribal officials acting under color of tribal law cannot be held liable for violations of the federal constitution, and Plaintiffs cannot state a *Bivens* claim against tribal Defendants for violations of Plaintiffs' Fifth and Eighth amendment rights.").

"[A]ctions taken under color of tribal law are beyond the reach of § 1983, and may only be examined in federal court under the provisions of the Indian Civil Rights Act." *R.J. Williams*, 719 F.2d at 982. However, "[a] habeas petition is the only avenue for relief from a violation of ICRA [(the Indian Civil Rights Act)]." *Boozer v. Wilder*, 381 F.3d 931, 934 n.2 (9th Cir. 2004); *see also Pink v. Modoc Indian Health Project, Inc.*, 157 F.3d 1185, 1189 (9th Cir. 1998) ("ICRA only provides a basis for an individual to bring a habeas corpus civil claim.").

Because Plaintiff cannot obtain monetary relief against Defendant Salt River Pima Reservation Police under § 1983, *Bivens*, or the Indian Civil Rights Act, the Court will dismiss Defendant Salt River Pima Reservation Police.

### B. Defendants Federal Bureau of Prisons and United States Department of Justice

A remedy does not exist under *Bivens* against Defendants Federal Bureau of Prisons and United States Department of Justice because a *Bivens* action is only available against federal *officers*, not agencies of the federal government. *F.D.I.C. v. Meyer*, 510 U.S. at 484-86. Thus, the Court will dismiss Defendants Federal Bureau of Prisons and United States Department of Justice.

Even if Plaintiff had sued federal officers for failing to bring him to trial in a timely manner, this action would have been dismissed because prosecutors are absolutely immune from liability for damages under *Bivens* for their conduct in "initiating a prosecution and in presenting the State's case" insofar as that conduct is "intimately associated with the judicial phase of the criminal process." *Buckley v. Fitzsimmons*, 509 U.S. 259, 270 (1993) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976)). Moreover, the sole remedy for a violation for the right to a speedy trial is dismissal of the charges. *Betterman v. Mont.*, 578 U.S. 437, 444 (2016); *see also Starks v. Moore*, 51 F. Supp. 3d 782, 797 (S.D. Ind. 2014) ("monetary damages are not available for [plaintiff], as the typical remedy for a Sixth Amendment speedy trial violation is dismissal of the charge.").

**IT IS ORDERED:**

(1) The Complaint (Doc. 1) is **dismissed** pursuant to 28 U.S.C. § 1915A(b)(1) and (2), and the Clerk of Court must enter judgment accordingly.

. . . .

. . . .

. . . .

. . . .

. . . .

(2)   The docket shall reflect that the Court, pursuant to 28 U.S.C. § 1915(a)(3), has considered whether an appeal of this decision would be taken in good faith and finds Plaintiff may appeal in forma pauperis if he otherwise qualifies to do so.

Dated this 29th day of August, 2023.

_____
James A. Teilborg
Senior United States District Judge